**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**  )<br>  )<br>   **Plaintiff,**  )<br>  )<br>**v.**  )<br>  )<br>**TERRY JOHNSON,**  )<br>  )<br>   **Defendant.**  )<br>  ) | **Case No. 2:19-cr-20023-JTF** |

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION TO DENY DEFENDANT'S MOTION TO SUPPRESS AND
DENYING DEFENDANT'S MOTION TO SUPPRESS**

Before the Court is Defendant Terry Johnson's Motion to Suppress, filed on November 25, 2019. (ECF No. 24.) The Motion was referred to the Magistrate Judge on December 6, 2019. (ECF No. 26.) After holding an evidentiary hearing on February 26, 2020, the Magistrate Judge issued a Report and Recommendation on March 10, 2020 recommending that Defendant's Motion to Suppress be denied. (ECF No. 38.) Defendant filed timely objections on March 24, 2020. (ECF No. 41.)

For the following reasons, the Court finds that the Magistrate Judge's Report and Recommendation should be **ADOPTED** and **DENIES** Defendant's Motion to Suppress.

### **LEGAL STANDARD**

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001). Pursuant to the provision, magistrate judges may hear and determine

any pretrial matter pending before the Court, except various dispositive motions. 28 U.S.C. § 636(b)(1)(A). Regarding those excepted dispositive motions, magistrate judges may still hear and submit to the district court proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1)(B). Upon hearing a pending matter, "[T]he magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). Any party who disagrees with a magistrate's proposed findings and recommendation may file written objections to the report and recommendation. Fed. R. Civ. P. 72(b)(2).

The standard of review that is applied by the district court depends on the nature of the matter considered by the magistrate judge. *See Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003) (citations omitted). Motions to suppress evidence are among the motions in criminal cases that are subject to *de novo* review. *See* 28 U.S.C. § 636 (b)(1)(A); *U.S. Fid. & Guarantee Co. v. Thomas Solvent Co.,* 955 F.2d 1085, 1088 (6th Cir. 1992). Upon review of the evidence, the district court may accept, reject, or modify the proposed findings or recommendations of the magistrate judge. *Brown v. Board of Educ.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014); *see also* 28 U.S.C. § 636(b)(1). The court "may also receive further evidence or recommit the matter to the [m]agistrate [j]udge with instructions." *Moses v. Gardner*, No. 2:14-cv-2706-SHL-dkv, 2015 U.S. Dist. LEXIS 29701, at *3 (W.D. Tenn. Mar. 11, 2015). A district judge should adopt the findings and rulings of the magistrate judge to which no specific objection is filed. *Brown*, 47 F. Supp. 3d at 674.

## FINDINGS OF FACT

In her Report and Recommendation, the Magistrate Judge sets forth proposed findings of fact. (ECF No. 38, 2–12.) Defendant first objects to the Magistrate Judge's credibility

2

determination as to Detective Handley's testimony that he smelled raw marijuana as he approached Defendant.[1] (ECF No. 41, 1–2.) Defendant argues that there is "no indication in the record of arrest . . . that officers smelled raw marijuana when approaching [Defendant] after he stepped out of line at a Memphis Area Transit Authority ("MATA") bus station," thus creating an inconsistency in Detective Handley's testimony. (*Id.*) Defendant also takes issue with the Magistrate Judge's determination that Defendant's testimony at the evidentiary hearing was less credible than the testimony of Officer Handley. (*Id.* at 2.)

"When reviewing a magistrate judge's credibility determinations on a motion to suppress, the district court may accept or reject the magistrate judge's determinations, while recognizing a magistrate judge is in the better position to assess the credibility of witnesses [she] sees and hears." *United States v. Johnson*, No. 10-20176, 2011 U.S. Dist. LEXIS 97577, at *2 (W.D. Tenn. Aug. 30, 2011) (citation omitted). "Credibility determinations of the magistrate judge who personally listened to the testimony of a witness should be accepted by a district judge unless in his *de novo* review of the record he finds a reason to question the magistrate judge's assessment." *United States v. Robinson*, No. 1:07-CR-1, 2007 U.S. Dist. LEXIS 53290, at *3 (E.D. Tenn. July 23, 2007). After reviewing the record *de novo*, this Court finds no reason to question the Magistrate Judge's assessment of Detective Handley's credibility and Defendant's credibility. Accordingly, this Court accepts the Magistrate Judge's credibility determinations and adopts and incorporates the Magistrate Judge's proposed findings of fact.

---

1 Defendant raises this objection again, and in more detail, in his "Objections to Proposed Conclusions of Law" section. (ECF No. 41, 2.) Because the determination of Officer Handley's credibility relates to the factual findings, the Court will analyze this objection in its "Factual Findings" section.

3

## ANALYSIS

Defendant raises one specific objection to the Magistrate Judge's Proposed Conclusions of Law. Defendant objects to the Magistrate Judge's recommendation that there was reasonable suspicion to turn a consensual encounter into a *Terry* stop. (ECF No. 41, 3.)

To begin the analysis, the Court notes that Defendant does not object to the Magistrate Judge's recommendation that Detective Knight's and Detective Handley's initial encounter with Defendant was consensual and failed to rise to the level of a seizure for Fourth Amendment purposes. (ECF No. 38, 17.) Thus, no reasonable suspicion was required for Detectives Knight and Handley to initially approach and question Defendant. (*Id.*) Accordingly, the Court **ADOPTS** the Magistrate Judge's recommendation that the initial encounter with Defendant was consensual.

After the initial consensual encounter, Detective Handley testified that he smelled marijuana and asked Defendant whether Defendant had anything illegal. (*Id*.) At this point, the consensual encounter turned into a seizure, thus invoking Fourth Amendment protections. It is this seizure to which Defendant objects.

The Magistrate Judge concluded that, under the totality of the circumstances, Detective Handley's and Detective Knight's *Terry* stop of Defendant was reasonable. (ECF No. 38, 21.) Defendant objects to this recommendation, arguing there was no reasonable suspicion to justify a *Terry* stop because the only conduct the officers observed was Defendant walking away from the bus stop. (ECF No. 41, 5.) Defendant posits that conduct is insufficient, on its own, to establish reasonable suspicion. Defendant further argues that there was no other suspicious activity noted in the arrest record and that Detective Handley must have "come up with the fact that he allegedly smelled raw marijuana" on Defendant at some point prior to the suppression hearing to "justify his

4

stop." (*Id.*)

As soon as a consensual encounter turns into a seizure, "the police officer must have a reasonable suspicion of criminal activity to justify a *Terry* stop." *United States v. Campbell*, 486 F.3d 949, 954 (6th Cir. 2007). Regardless of whether a police officer has probable cause to arrest an individual for a crime, a police officer is permitted to conduct a "reasonable search for weapons for the protection of the police officer, where he has reason to believe that he is dealing with an armed and dangerous individual." *Terry v. Ohio*, 392 U.S. 1, 27 (1968). While this reasonable suspicion standard does not require probable cause, reasonable suspicion exists "[i]f an officer possesses 'a particularized and objective basis for suspecting the particular person . . . of criminal activity' based on 'specific and articulable facts.'" *Smoak v. Hall*, 460 F.3d 768, 778–79 (6th Cir. 2006) (citation omitted). Courts must evaluate the existence of reasonable suspicion under the totality of the circumstances. *Id.* at 779.

Supreme Court precedent establishes that "'[u]nprovoked flight upon noticing the police' . . . 'is certainly suggestive' of wrongdoing and can be treated as 'suspicious behavior' that factors into the totality of the circumstances." *District of Columbia v. Wesby*, 138 S. Ct. 577, 587 (2018) (citing *Illinois v. Wardlow*, 528 U.S. 119, 124–25 (2000)). Detective Handley credibly testified that based on his experience, individuals generally leave the line to board the bus if they are carrying either contraband or a weapon. The Magistrate Judge thus correctly considered Defendant's unprovoked flight upon the arrival of the officers at the bus station in examining the totality of the circumstances. The Magistrate Judge also correctly considered Detective Handley's testimony that he smelled raw marijuana on Defendant and that Defendant admitted to having marijuana in his bag. *See United States v. Foster*, 376 F.3d 577, 586 (6th Cir. 2004) ("[T]he fact that [the defendant] smelled of PCP,

5

an illegal substance, alone warrants the officers detaining him to investigate the situation further."). While Defendant objects to the credibility of Detective Handley's testimony, this testimony is credible as the Court previously explained. Additionally, the Magistrate Judge noted that Defendant's testimony that one of the detectives opened Defendant's bag and proclaimed "F*** the weed" upon seeing the Taurus 9mm handgun bolters Detective Handley's testimony because the detective's statement implies that either by Defendant's confession or Detective Handley's smelling of the marijuana, the officers had reasonable suspicion that Defendant was carrying marijuana. (*Id.*) Based on the totality of the circumstances, this Court **ADOPTS** the Magistrate Judge's recommendation that the officers relied upon specific and articulable facts supporting reasonable suspicion that Defendant had been or was about to be engaged in illegal activity. Therefore, Defendant's objection that there was no reasonable suspicion to justify a *Terry* stop is overruled.

When officers have reasonable suspicion based upon the totality of the circumstances to conduct a stop of an individual, the officers are allowed to conduct a search to determine whether the individual is carrying a weapon, so long as the officers have a justifiable belief that the individual is armed and presently dangerous to the officers or to others. *Terry*, 392 U.S. at 24. The Magistrate Judge found that Detective Handley and Detective Knight had a reasonable suspicion to believe that Defendant was armed and presented a danger to them based on Detective Handley's credible testimony that in his "experience with over 100 interdictions at MATA bus locations, individuals traveling with marijuana or other drugs are also frequently traveling with weapons for protection of themselves and/or the drugs they are carrying." (ECF No. 38, 23–24.) Defendant does not raise an objection to this finding, as Defendant bases his objections solely on the existence of reasonable suspicion to conduct a *Terry* stop. (ECF No. 41, 4.) The Court, therefore, **ADOPTS** the Magistrate

6

Judge's recommendation that the officers' opening of Defendant's backpack, the search for weapons, and the ultimate seizure of the gun were proper under the Fourth Amendment.

Lastly, the Magistrate Judge found that there was probable cause to search Defendant's bag based on the smell of raw marijuana. (ECF No. 38, 25.) Defendant does not explicitly object to this finding but does generally mention one issue as being whether there was probable cause to search the bag. (ECF No. 41, 3.) Generally, smelling marijuana provides officers with probable cause to search without a warrant. *See Foster*, 376 F.3d at 855 ("[W]hen the officers detected the smell of marijuana coming from [the defendant's] vehicle, this provided them with probable cause to search the vehicle without a search warrant. This therefore turned a lawful *Terry* stop into a lawful search."). Here, when Detective Handley approached Defendant and smelled marijuana, Detective Handley had probable cause to search Defendant, including his bag, for evidence of marijuana. Accordingly, this Court **ADOTPS** the Magistrate Judge's recommendation that the warrantless search of the backpack did not violate Defendant's Fourth Amendment rights.

## CONCLUSION

Upon *de novo* review, the Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation and **DENIES** Defendant's Motion to Suppress.

**IT IS SO ORDERED** on this 4th day of May 2020.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
United States District Judge

7